UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22758-CIV-OTAZO-REYES

[CONSENT CASE]

THOMAS GERARD MARENGO, KEVIN  )
ANDREW MURRAY, ARMANDO  )
VARONA a/k/a ARMANDO VARANO, and  )
all others similarly situated under 29 U.S.C.  )
216(B),  )
                                                                                                                             Plaintiffs,  )
vs.  )
                                                                                                                               )
DOORMAN'S PRIVATE RIDE SERVICE,  )
INC. d/b/a EXECUTIVE LIMOUSINE, INC.,  )
EXECUTIVE LIMOUSINE SERVICE, INC.,  )
ASSOCIATED LIMOUSINE, INC.,  )
                                                                                       )
                                                              Defendants.  )
_____

## STATUS REPORT IN ACCORDANCE WITH [DE56]

COME NOW the Plaintiffs, by and through the undersigned, and hereby acknowledge that Joe Nagy has been deposed in the above referenced matter and the Parties have had an opportunity to question him regarding Exhibit A of Defendants' Request for Admissions and the accuracy of same. As set forth herein, Plaintiffs dispute the accuracy for Exhibit A of Defendants' Request for Admissions, and in support thereof state as follows:

1. On or about January 27, 2016, Joe Nagy was deposed regarding Exhibit A of Defendants' Request for Admissions directed towards each Plaintiff separately.

2. As to Plaintiff Murray, Exhibit A is comprised of approximately 65 pages, as to Plaintiff Marengo, Exhibit A is comprised of approximately 50 pages, and

as to Plaintiff Varona, Exhibit A is comprised of approximately 65 pages. These "summary reports" (Exhibit A) contain in excess of 17,000 pages of LMS raw data for several years that Plaintiffs were employed by Defendants. Further, the LMS raw data does not only contain information as to Plaintiffs but rather includes information as to many other of Defendants' employees. As such, during the deposition, Plaintiffs' Counsel could not review in excess of 17,000 pages of the LMS raw data against the Exhibit A with Mr. Nagy to confirm the accuracy of the information contained in Exhibit A.

3. Mr. Nagy testified[1] that in order to confirm the accuracy of the Exhibits A would take months and Plaintiffs' Counsel would need the assistance of a computer programmer in order to do same.

4. In order for Plaintiffs to verify these summary charts so as to ensure all information contained in the underlying LMS raw data is accurately reflected in these summary charts, per Mr. Nagy, Plaintiffs would need to hire a computer programmer to assist with the verification process and it could take months to do same. To Order Plaintiffs to have to hire outside computer programming assistance[2] so as to verify same would be unduly burdensome and not feasible.[3]

---

[1] At this time, Plaintiffs do not have a copy of Mr. Nagy's transcript, however Plaintiffs' Counsel took copious notes of the deposition testimony as set forth herein.

[2] Plaintiffs do not have a computer programming assistant and/or tech staff as part of the J.H. Zidell, P.A., law firm.

[3] Since Defendants are attempting to use this summary, they should incur the expense of proving its accuracy.

5. The LMS raw data is manually entered into the remote third-party system and, as such, the accuracy of the information contained therein is further called into question. Plaintiffs do not stipulate to the accuracy of Exhibits A.

6. Furthermore, it is Plaintiffs' position that the LMS raw data does not account for the gap time/waiting time/on-call time to the pick-up location of a passenger/between a drop-off of a passenger and travel time to the next passenger's pick-up location/from the drop-off location of a passenger to return the vehicles, have vehicles serviced, office work associated with permits, etc., during the high season, which was approximately 8 months of each year. Plaintiffs' need under *Anderson* for an estimation of their damages is far from obviated. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (U.S. 1946).

WHEREFORE as set for *supra*, it would be unduly burdensome and not feasible for Plaintiffs to have to verify the accuracy of the information contained in Exhibits A and, as such, Plaintiffs' should be permitted to provide their best estimation of their damages under *Anderson.* Further, Plaintiffs do not stipulate to the accuracy of Exhibits A.

                                                Respectfully submitted,

                                                J. H. ZIDELL, P.A.
                                                ATTORNEYS FOR PLAINTIFF
                                                300-71ST STREET, SUITE 605
                                                MIAMI BEACH, FLORIDA 33141
                                                305-865-6766
                                                305-865-7167

                                                By:_s/ Rivkah F. Jaff, Esq. ___
                                                    Rivkah F. Jaff, Esquire
                                                    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL 2/9/16 TO:**

**JAMES M. LOREN, ESQ.**
**100 SOUTH PINE ISLAND ROAD, SUITE 132**
**PLANTATION, FLORIDA 33324**
**PH: (954) 585-4878**
**MIAMI: (305) 949-4040**
**ATLANTA: (678) 224-5702**
**FAX: (954) 585-4886**
**EMAIL : JLOREN@LORENLAW.COM**

BY:__/s/____Rivkah F. Jaff_____
**RIVKAH F. JAFF, ESQ.**