UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  15-CV-22758-OTAZO-REYES

THOMAS GERARD MARENGO, ET AL. and all
others similarly situated under,

        Plaintiff,

vs.

DOORMAN'S PRIVATE RIDE SERVICE, INC.
D/B/A EXECUTIVE LIMOUSINE, INC.,
EXECUTIVE LIMOUSINE, SERVICE, INC.,
ASSOCIATED LIMOUSINE, INC.

        Defendants.
_____/

## DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FOR IN-CAMERA INSPECTION OF TAX RETURNS

Pursuant to Federal Rule of Civil Procedure 26(b)(1) and 37(a)(4), Defendants move this Honorable Court for a Second Order compelling Plaintiffs to comply with court order [D.E. 73], for in-camera inspection of tax returns and to further award attorney's fees and costs associated with the filing of this Motion to Compel.

## BACKGROUND

This is an action for unpaid overtime, minimum wages and unreimbursed expenses pursuant to the Fair Labor Standards Act. The Plaintiff limousine drivers allege that during their employment with Defendants that they worked 80 plus hours work weeks (i.e. comprised of wait time, on-call, and travel from one job to another) and were not paid overtime for hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiffs further allege that they were not compensated for $10,000 per year in gas expenses.[1] Plaintiffs yet again have ignored this Court's order directing them to admit the accuracy of data and the production of

---

[1] Defendants unreimbursed expense claim goes to Plaintiffs' claim that these expenses somehow caused their pay to fall below minimum wage.

highly relevant and critical tax documents necessary to defense of this case.

## LEGAL STANDARD

The scope of discovery under the Federal Rules is broad. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-508, (1947). *See also* Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); Canal Authority v. Froehlke, 81 F.R.D. 609, 611 (M.D. Fla. 1979). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." Parsons v. General Motors Corp., 85 F.R.D. 724 (N.D. Ga. 1981); *See also* Hickman, 329 U.S. at 501. Thus, under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978). "Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." Id. at 352. In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence. Dunbar v. United States, 502 F.2d 506 (5th Cir. 1974). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985) (emphasis added).

## ARGUMENT

To avoid redundancy, Defendants respectfully direct the Court to the Second Motion to Compel which this Honorable Court Granted in its entirety. *See* [D.E. 66 and 73]. To be sure, this Plaintiffs were directed to do the following:

> (2) Submit requests for their tax returns for the years 2012, 2013, 2014, and 2015 to the IRS. Upon receipt, Plaintiffs shall produce the tax returns redacted to show only information related to unreimbursed job expenses;
>
> (3) Acknowledge the accuracy of Exhibit A to Defendants' Request for Admission or give a reason why it is not accurate. See Order [D.E. 56].

In response to ¶3 of the Court's Order [DE. 73], Plaintiffs responded as follows (Ex. 1):

> **1. Admit that Plaintiff has no basis to dispute accuracy of time/pay compilation appended hereto as Exhibit "A."**
>
> Denied. Plaintiff's conducted a spot-check at random of in excess of one hundred and fifty (150) entries of Defendants' summaries for Plaintiffs and the summaries and LMS raw data did not always match up and, as such, are not accurate. Further, denied as accurate since these are manually entered into the LMS data and have human errors with regards to recording the correct information. Plaintiffs response in no ways admits to the admissibility of Defendants' 1006 summaries/Exhibit "A" and Plaintiffs reserve all rights they have to challenged the admissibility of said charts. The summaries appear to be based on a third party company's records which have not been authenticated.

As it relates to the production of tax returns, Plaintiffs produced Tax Returns but redacted virtually all usable information. Ex 2 (Being submitted in-camera).

When Defendants requested that Plaintiffs disclose which 150 entries were spot checked and were purportedly found to be inaccurate, and to address the issue of improper redactions of the tax returns, Plaintiffs not surprisingly refused to cooperate. To be sure, Defendants made the following conferral attempts:

**From:** James Loren <jloren@goldbergloren.com>
**Subject: Re: Re: Doorman**
**Date:** May 4, 2016 at 10:09:52 PM EDT
**To:** Rivka Jaff <rivkah.jaff@gmail.com>
**Cc:** Janet Valdes <jvaldes@goldbergloren.com>, "Law Offices of Goldberg & Loren, P.A." <jloren@lorenlaw.com>
**Reply-To:** "jloren@goldbergloren.com" <jloren@goldbergloren.com>

Ms. Jaff:

   I am making one last effort before I file yet another motion to compel compliance with Court order.

James M. Loren, Esq…

-------------------------------------------------------------------------------------------------------

**From:** James Loren <jloren@goldbergloren.com>
**Date:** Tue, 05/03/2016 01:07AM
**Subject:** Re: Doorman
**To:** Rivkah Jaff <Rivkah.Jaff@gmail.com>
**CC:** Janet Valdes jvaldes@goldbergloren.com

Ms. Jaff:

   Please clear a time and I will send you my comments. I believe that your clients have redacted critical information from the tax returns. I believe that I need the full returns. I have also asked you of the 150 plus items that your clients claim were sampled reflecting inaccurate entries on the spreadsheets. I am again asking you for the supporting documentation.

   I look forward to your immediate response.

James M. Loren, Esq…

-------------------------------------------------------------------------------------------------------

**From:** Rivkah Jaff <rivkah.jaff@gmail.com>
**Date:** Tue, 04/26/2016 05:44PM
**Subject:** Re: Doorman
**To:** jloren@goldbergloren.com, Karl Kelly david.kelly38@rocketmail.com

Mr. Loren:

Can you please in writing set forth all questions and concerns you have this issue so that we can properly prepare before having a discussion…

-------------------------------------------------------------------------------------------------------

On Tue, Apr 26, 2016 at 3:08 PM, James Loren <jloren@goldbergloren.com> wrote:

Ms. Jaff:

   Please advise when this week we can have a discovery conference pertaining to Plaintiffs' recent compliance with Court order.

Thank you,

-------------------------------------------------------------------------------------------------------

**From:** James Loren <jloren@goldbergloren.com>
**Subject: Re: SERVICE OF COURT DOCUMENTS - Marengo v. Doormans**
**Date:** April 12, 2016 at 8:39:31 AM EDT
**To:** Rivkah Jaff <rivkah.jaff@gmail.com>
**Cc:** Karl Kelly <david.kelly38@rocketmail.com>, CaseFile <CaseFile@lorenlaw.com>, Janet Valdes <jvaldes@goldbergloren.com>

Please provide me with the response as I have not received it.  Identify which 150 entries were randomly checked and what these entries were compared to so as to make the assertion that the entries are inaccurate

James M. Loren, Esq…

-------------------------------------------------------------------------------------------------------------------

On Apr 12, 2016, at 8:11 AM, Rivkah Jaff <rivkah.jaff@gmail.com> wrote:

Please clarify why you believe we have not complied with the Court's Order as the Response states in part:

Plaintiff's conducted a spot-check at random of in excess of one hundred and fifty (150) entries of Defendants' summaries for Plaintiffs and the summaries and LMS raw data did not always match up and, as such, are not accurate.

The Response denies accuracy and states the reason why.

On Mon, Apr 11, 2016 at 11:38 PM, James Loren <jloren@goldbergloren.com> wrote:

Plaintiffs have not complied with the portion of the Court's order requiring them to acknowledge the accuracy of Exhibit "A" to Defendants' Request for Admissions. Please comply by close of business tomorrow to avoid yet another motion to compel.

Certainly, Plaintiffs' conclusory statement that they reviewed 150 line items and found inaccuracies without being required to disclose the data, information or documents in certainly not within the spirit of this Court's order requiring Plaintiffs to provide the reason for denial of the accuracy of the Rule 1006 summary.

As it relates to the tax returns, the Court limited the discovery of financial information to unreimbursed employee expenses unless further need for additional documents was shown. As the Court may recall, Defendants in its Second Motion to Compel requested all supporting

documentation provided to the Plaintiffs' accountants supporting all deductions taken. Defendants submit that such a need has been established.

In his tax return, Mr. Marengo represents to the IRS that he is a Chauffer and in 2012, 2013, 2014,[2] he deducted $13,179, $13,107, $9,173, respectively, in unreimbursed empoyee expenses. Mr. Murray listed himself as a taxi driver/chauffer and in 2012, 2013 and 2014, he deducted $28,271[3], $26,090[4] and $23,800, respectively. Similarly, Mr. Varona listed himself in his tax return as being a chauffer and in 2012 and 2013, he deducted $23,554 and $12,817. Mr.

---

[2]   In 2014, Mr. Marego was self-employed as a real estate agent.

[3]   Mr. Murray listed 2 vehicles that were in service in 2012 for which he deducted over $28,000 in unreimbursed employee expense mileage.

| | (a) Vehicle 1 | (b) Vehicle 2 |
|---|---|---|
| 11 | 01/01/2012 | 06/01/2012 |
| 12 | 26,201 miles | 24,737 miles |
| 13 | 26,201 miles | 24,737 miles |
| 14 | 100.00 % | 100.00 % |
| 15 | miles | miles |
| 16 | miles | miles |
| 17 | 0 miles | 0 miles |

Mr. Varona listed one vehicle

| | (a) Vehicle 1 | (b) Vehicle 2 |
|---|---|---|
| 11 | 01/10/07 | |
| 12 | 37,830 miles | miles |
| 13 | 35,570 miles | miles |
| 14 | 94.026 % | % |
| 15 | miles | miles |
| 16 | 2,260 miles | miles |
| 17 | miles | miles |

[4]

In 2013 and 2014, Mr. Murray and Mr. Varona both filed Schedule C tax forms representing to the IRS that they were self-employed. These tax returns reflect limousines owned by Plaintiff being placed in service in 2007 and driven anywhere from 37,000 to 46,000 miles per year in the course of operating their own business. Certainly, this is not Defendants' limousines and Plaintiff Murray and Varona could not have been possibly driving 80 hours a week for Defendants while operating their own businesses where each claims to have driven 37,000 to 46,000 per year while self-employed. All Plaintiffs to this action were W-2 employees while employed by Defendant. In 2013, Mr. Varona wrote off as an unreimbursed business expense $1,207 in cellular phone and $200 in long distance expense. Interestingly, Defendants provided Plaintiffs with cellular phones. As such, it is unclear who else Plaintiffs were working for despite their claims that they worked exclusively for Defendants to the tune of 80 hours per week.

Varona failed to produce his 2014 tax return. Plaintiffs further failed as required by this Court's order to tender evidence that they ever requested their 2015 tax returns or to produce same.

As the Court may recall, during the March 30, 2016 hearing on Defendants' Motion to Compel, the Court limited production of the tax returns to that of the unreimbursed employee expenses. The Court ruled that this matter could be revisited once the limited tax returns were produced and if there was a need for additional documents. The tax returns produced were so grossly redacted and in light of clear evidence that Plaintiffs appear to have been operating separate businesses (i.e. thereby negating the Plaintiff's overtime claims) icluding their own side limousine businesses, real estate companies and ortther businesses, Plaintiffs should be required to produce their full tax returns including Mr. Varona's missing 2014 tax retun as well as all of the Plaintiffs' complete 2015 tax returns. In light of the foregoing, Defendants should be required to tender all supporting documentation for all expenses they deducted on their tax return.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Defendants' counsel hereby certifies that efforts to confer were made as more fully described above. Plaintiffs have unfortunately ignored Defendants' conferral efforts

## CONCLUSION

In light of the foregoing, Defendants' Motion to Compel Compliance with Court order sand for in-camera inspection should be GRANTED. Defendants also seek an award of attorney's fees in accordance with Fed. R. Civ. P. 37(a)(4)&(b)(2)A) and further request such other relief as is deemed just and proper pursuant to the Court's inherent authority.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on May 10, 2016 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

        Loren Law Group
        100 S. Pine Island Road - Suite 132
        Plantation, FL 33324
        Phone:     (954)585-4878
        Facsimile:  (954)585-4886
        E-Mail:    JLoren@Lorenlaw.com

        */s/ James M. Loren*

        _____
        James M. Loren, Esquire
        Bar No.: 55409

**SERVICE LIST**

Rivkah Jaff, Esq.
JH Zidell, P.A.,
City National Bank Building
300 71 St  - Suite 605
Miami Beach, FL 33141.
CM/ECF:   zabogado@aol.com
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22758-CIV-OTAZO-REYES

[CONSENT CASE]

THOMAS GERARD MARENGO, KEVIN )
ANDREW MURRAY, ARMANDO )
VARONA a/k/a ARMANDO VARANO, and )
all others similarly situated under 29 U.S.C. )
216(B), )
 )
        Plaintiffs, )
vs. )
 )
DOORMAN'S PRIVATE RIDE SERVICE, )
INC. d/b/a EXECUTIVE LIMOUSINE, INC., )
EXECUTIVE LIMOUSINE SERVICE, INC., )
ASSOCIATED LIMOUSINE, INC., )
 )
        Defendants. )
_____ )

### PLAINTIFFS' AMENDED RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS IN COMPLIANCE WITH [DE73]

**COME NOW**, the Plaintiffs, THOMAS GERARD MARENGO, KEVIN ANDREW MURRAY, and ARMANDO VARONA a/k/a ARMANDO VARANO, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 36, and hereby amend their responses to Defendants DOORMAN'S PRIVATE RIDE SERVICE, INC. and EXECUTIVE LIMOUSINE SERVICE, INC., First Request for Admission to Plaintiffs served on or about October 29, 2015, in Compliance with the Court's Order [DE73].

Plaintiffs' Amended Responses in no way waives (but rather reserves) any rights that Plaintiffs may have pursuant to the Federal Rules of Civil Procedure, including but not limited to rights concerning objections and other discovery procedures. Any responses herein do not waive but rather reserve any privileges (including, *inter alia*, work product, confidentiality and privacy)

Exhibit "1"

retained by Plaintiffs pursuant to federal law, including but not limited to the Federal Rules of

Civil Procedure.

**1. Admit that Plaintiff has no basis to dispute accuracy of time/pay compilation appended hereto as Exhibit "A."**

Denied. Plaintiff's conducted a spot-check at random of in excess of one hundred and fifty (150) entries of Defendants' summaries for Plaintiffs and the summaries and LMS raw data did not always match up and, as such, are not accurate. Further, denied as accurate since these are manually entered into the LMS data and have human errors with regards to recording the correct information. Plaintiffs response in no ways admits to the admissibility of Defendants' 1006 summaries/Exhibit "A" and Plaintiffs reserve all rights they have to challenged the admissibility of said charts. The summaries appear to be based on a third party company's records which have not been authenticated.

**7. Admit that the time/pay compilation appended hereto as Exhibit "A" accurately reflects the actual gross amounts paid by Defendant Doorman's to Plaintiff.**

Plaintiff Marengo – Admitted.
Plaintiff Murray – Admitted.
Plaintiff Varona – Denied.

                                                  Respectfully submitted,

                                                  J. H. ZIDELL, P.A.
                                                  ATTORNEYS FOR PLAINTIFF
                                                  300-71ST STREET, SUITE 605
                                                  MIAMI BEACH, FLORIDA 33141
                                                  305-865-6766
                                                  305-865-7167

                                                  By:_s/ Rivkah F. Jaff, Esq. ___
                                                      Rivkah F. Jaff, Esquire
                                                      Florida Bar No.: 107511

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 4/11/16 TO:

**JAMES M. LOREN, ESQ.**
**100 SOUTH PINE ISLAND ROAD, SUITE 132**
**PLANTATION, FLORIDA 33324**
**PH: (954) 585-4878**
**MIAMI: (305) 949-4040**

**ATLANTA: (678) 224-5702**
**FAX: (954) 585-4886**
**EMAIL : JLOREN@LORENLAW.COM**

BY:__/s/____Rivkah F. Jaff_____
      RIVKAH F. JAFF, ESQ.